USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL DIAZ VARGAS,

                      Petitioner,

       - against -

CHRISTOPHER DAVIES, *in his official capacity as Warden of the Bergen County Jail*, CHRISTOPHER SHANAHAN, *in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement*, JEH JOHNSON, *in his official capacity as Secretary of Homeland Security*, LORETTA LYNCH, *in her official capacity as the Attorney General of the United States*, and U.S. DEPARTMENT OF HOMELAND SECURITY,

                      Respondents.

**OPINION AND ORDER**

15 Civ. 3525 (ER)

Ramos, D.J.:

    Ariel Diaz Vargas ("Petitioner") moves pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend his petition for writ of habeas corpus brought under 28 U.S.C. § 2241. Respondents are the government officials and agency (the "Government") responsible for Petitioner's current immigration-related detention. Petitioner's motion to amend is GRANTED.

**I. BACKGROUND**

    Petitioner is a native and citizen of the Dominican Republic. He entered the United States in 1994 as a legal permanent resident. On February 9, 2015, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner and commenced removal proceedings against him, charging that Petitioner's 2007 and 2008 drug convictions from rendered him removable under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)–(B). *See* Declaration of Shane Cargo ("Cargo Decl.") (Doc. 26), Ex. C. The Government was required to

detain Petitioner while his removal proceeding was ongoing. *See* 8 U.S.C. § 1226(c)(1)(B). On March 26, 2015, Petitioner moved to terminate the removal proceeding on the grounds that his prior convictions were not categorically removable offenses under the INA. Proposed Amended Petition for Writ of Habeas Corpus ("Am. Pet.") (Doc. 23, Ex. 1) ¶ 25.

On May 5, 2015, while still detained by the Government, Petitioner filed his original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, seeking an order requiring the Government to provide a bond hearing, in which the Government would bear the burden of proving that Petitioner should remain detained pending removal. (Doc. 1).

The immigration judge ("IJ") denied Petitioner's motion to terminate the removal proceeding on July 13, 2015, finding Petitioner was removable, but also finding that there was insufficient evidence to establish his removability on the basis of an aggravated felony. *See* Cargo Decl., Ex. D at 5. This latter conclusion was critical because it meant that Petitioner was eligible to file a Cancellation of Removal for Lawful Permanent Residents under 8 U.S.C. § 1129(b)(a). Unfortunately, Petitioner's counsel at the time overlooked this portion of the IJ's decision, informed the IJ that Petitioner had remaining avenues of relief, and accepted an order of removal to the Dominican Republic on her client's behalf on August 3, 2015. *See* Am. Pet. ¶ 27; Cargo Decl., Ex. E (removal order); Declaration of Luis Mancheno ("Mancheno Decl.") (Doc. 29), Ex. A (Notice to Reopen). Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), but the BIA denied the application on December 8, 2015. Cargo Decl., Ex. F. Petitioner filed a petition for review and a motion for stay of removal in the United States Court of Appeals for the Second Circuit on December 10, 2015. Cargo Decl., Ex. G.

Meanwhile, on October 28, 2015, the Second Circuit decided *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015). Like Petitioner in this case, Lora was a lawful permanent resident who was

convicted for drug-related offenses, later arrested by ICE, and held in mandatory detention pursuant to 8 U.S.C. § 1226(c) pending removal proceedings. *Lora*, 804 F.3d at 605. While in immigration custody, Lora filed a writ of habeas corpus contending that his indefinite detention under section 1226(c) without an opportunity to apply for bail violated his constitutional right to due process. *Id.* The Second Circuit granted the petition and instituted a bright-line rule "that, in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention." *Id.* at 616. The *Lora* Court further held "that the detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community." *Id.* (citing the Ninth Circuit's similar holding in *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013)).

On December 9, 2015, Petitioner's counsel informed this Court that, because of *Lora*, the New York Immigration Court had scheduled a bond hearing for Petitioner on December 14, 2015, potentially mooting the original habeas petition filed on May 5, 2015. (Doc. 11). The Court thus held the case in abeyance pending the outcome of the bond hearing. (Doc. 12).

The IJ held a bond hearing on January 12, 2016 (the "Bond Hearing"). The IJ denied the bond orally at the conclusion of the hearing. *See* Mancheno Decl., Ex. B ("Tr.") (unofficial transcript of Bond Hearing provided by Bronx Defenders). The IJ's decision was formally recorded in a written memorandum issued on February 9, 2016. Cargo Decl., Ex. I ("IJ Bond Op."). In his written decision, the IJ described the requirements in *Lora*, purported to "apply" those standards, and concluded that "the government has established by clear and convincing evidence that [Petitioner] is both a flight risk and a danger to the community." IJ Bond Op. at 2. The IJ found that Petitioner was a flight risk "because there is a standing order of removal,

3

notwithstanding motions to stay or reconsider that order of removal." *Id*.  The IJ further found that Petitioner's "history of serious drug-related criminal behavior" meant that he posed a danger to the community, specifically noting six separate instances Petitioner was arrested between 2007 and 2014 for drug-related felonies and misdemeanors, resulting in convictions for one drug felony and three drug misdemeanors, as well as two other non-drug misdemeanor convictions. *Id.* at 3.  The IJ also noted Petitioner's representation that he would enter a rehabilitation program, and Petitioner's submissions of supportive family letters, employment records, and tax payments, but found that this evidence did not "overcome the risk of flight and his extensive prior criminal record." *Id.*  The IJ concluded that the facts before it—"the pending final order of removal, the lack of an application for relief from removal, his significant drug-related criminal record over seven years, and his general disregard and lack of respect for the law"—led to the conclusion "that the government met its burden of proof by clear and convincing evidence that [Petitioner] is a flight risk and a danger to the community." *Id.* (citing *Lora*, 804 F.3d at 616).

On January 13, 2016, the day after the IJ orally denied the bond, Petitioner appealed the IJ's bond decision to the BIA, arguing that the Bond Hearing did not comply with *Lora* because the IJ "gave undue weight to unreliable documents" and "failed to properly consider the rebuttal evidence provided." Cargo Decl., Ex. J at 2.

On January 28, 2016, Petitioner filed a motion to reopen his removal proceeding with the BIA, alleging ineffective assistance of counsel based on prior counsel's failure to note the IJ's rejection of the aggravated-felony evidence and counsel's concomitant failure to move for cancellation of removal.  *See* Mancheno Decl., Ex. A.

Petitioner filed the instant motion to amend his habeas petition on February 5, 2016. (Doc. 22).  The proposed amended petition asserts two causes of action, both grounded in the

Fifth Amendment's guarantee of procedural due process—the first is based on the IJ's alleged failure to provide a procedurally adequate bond hearing under *Lora*, and the second is based on the "prolonged" and ongoing nature of Petitioner's detention.  *See* Am. Pet. ¶¶ 31–44.  Petitioner now seeks a writ of habeas corpus ordering the Government to *either* (i) release Petitioner immediately on his own recognizance or under parole, bond, or other reasonable condition of supervision, *or* (ii) provide Petitioner with another bond hearing that properly applies the procedural requirements and burden of proof set forth in *Lora*.  *Id.* at pp. 18–19.

On April 1, 2016, Petitioner's counsel was informed that the BIA was granting the motion to reopen based on the claim of ineffective assistance of counsel, and remanding the case to the immigration court.[1]  (Doc. 31).  Petitioner's removal proceeding is thus still in active litigation at the time of writing.

On April 25, 2016, the BIA denied Petitioner's appeal of the Bond Hearing, affirming the IJ's denial of bond.[2]  (Doc. 32, Ex. 1) ("BIA Bond Op.").  The BIA found that the IJ conducted the Bond Hearing in accordance with *Lora* and agreed with the IJ's finding that "the evidence is clear and convincing that [Petitioner] presents a danger to the community."  BIA Bond Op. at 1.  The BIA noted that *Lora* did not purport to limit the type of evidence that may be considered by an IJ, and found it appropriate for the IJ to rely on Petitioner's RAP sheet and charging instruments to consider both Petitioner's convictions, which were "entitled to significant weight and "probative of future dangerousness," and Petitioner's arrests and unarraigned charges, which were "entitled to some weight in assessing dangerousness, with the understanding that the degree

---

[1] Though the Government originally opposed the instant motion by arguing that Petitioner was subject to a final removal order and thus no longer eligible for a bond hearing under section 1226(c), the Government now concedes that the BIA's granting of the motion to reopen renders that argument moot.  (Doc. 34).

[2] Though the Government originally opposed the instant motion by arguing that Petitioner should be forced to exhaust his appeal before the BIA, the Government now concedes that the BIA's affirmance of the Bond Hearing renders that argument moot.  (Doc. 34).

of probability that the individual committed such offenses is not as great" as actual convictions. *Id.* at 1–3.  The BIA did not reach the issue of flight risk, and also declined Petitioner's request to remand the bond proceeding to the IJ based on the BIA's grant of the motion to reopen the removal proceeding.  *Id.* at 3.

## II. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of the Court, and that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The standard is generally a "permissive" one that is "consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted).  Leave to amend, however, "may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted."  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (citations omitted); *see also Raju v. Shanahan*, No. 15 Civ. 7499 (RA), 2015 WL 7567455, at *3 (S.D.N.Y. Nov. 23, 2015).  "The adequacy of a proposed amended complaint to state a claim is to be judged by the same standards as those governing the adequacy of a filed pleading."  *Anderson News*, 680 F.3d at 185.  "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile," and an "amendment is not 'futile' if it could withstand a motion to dismiss under Rule 12(b)(6)."  *Simon v. City of New York*, No. 14 Civ. 8391 (JMF), 2016 WL 1587244, at *1 (S.D.N.Y. Apr. 19, 2016) (citations omitted).

To survive a Rule 12(b)(6) motion, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A newly proposed claim is facially plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). In deciding the motion, the Court "must accept the facts alleged by the party seeking amendment as true and construe them in the light most favorable to that party." *Simon*, 2016 WL 1587244, at *1 (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005)).

## III. DISCUSSION

The Government first argues that the Court does not have subject matter jurisdiction over the Amended Petitioner's first cause of action, because that claim would require the Court to review the IJ's "discretionary judgment" regarding the "denial of bond," which is prohibited by 8 U.S.C. § 1226(e).[3] "Although 8 U.S.C. § 1226(e) bars judicial review of certain 'discretionary judgment[s],' that section does not deprive the Court of jurisdiction over [petitioner's] constitutional and statutory challenges to his detention." *Gordon v. Shanahan*, No. 15 Civ. 261 (JGK), 2015 WL 1176706, at *2 (S.D.N.Y. Mar. 13, 2015) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Louisaire v. Muller*, 758 F. Supp. 2d 229, 234 (S.D.N.Y. 2010)); *see also Hassan v. Holder*, No. 11 Civ. 7157 (LGS), 2014 WL 1492479, at *9 (S.D.N.Y. Apr. 15, 2014) ("While, under 8 U.S.C. § 1226(e), federal jurisdiction over 28 U.S.C. § 2241 habeas petitions 'does not extend to review of discretionary determinations by the IJ and the BIA,' jurisdiction does properly extend to review of 'purely legal statutory and constitutional claims.'") (quoting *Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 153 n.5 (2d Cir. 2006)). Thus, while the Court "lacks jurisdiction to review the weight assigned to evidence presented at Petitioner's bond hearing or

---

[3] "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e).

7

any other discretionary determinations of the IJ, the Court has jurisdiction over any constitutional claim that Petitioner may be raising regarding his detention hearing, such as a claim that the conduct of that hearing violated his due process rights." *Hassan*, 2014 WL 1492479, at *9 (citing *Hamilton v. Shanahan*, No. 09 Civ. 6869 (SAS), 2009 WL 5173927, at *3 (S.D.N.Y. Dec. 30, 2009)).

Drawing all reasonable inferences in Petitioner's favor, and mindful of the liberal Rule 15(a)(2) standard, the Court will permit Petitioner to amend. But the Government's implicit argument that the amended claim lacks merit is not without force. It appears that the IJ expressly discussed and applied the *Lora* standard, putting the burden on the Government to prove danger or flight risk by clear and convincing evidence. *See* IJ Bond Op. at 2.[4] And while Petitioner's claim turns in part on the proposition that a past criminal record, standing alone, can never establish danger to the community by clear and convincing evidence, *Lora* does not prohibit IJs from assessing the totality of a detainee's prior criminal history, including arrests and unarraigned charges, in determining danger to the community. To the extent Petitioner simply asks the Court to second-guess the IJ's weighing of the evidence, that would not go beyond a mere challenge to the IJ's discretion or sufficiently state a constitutional claim, and Petitioner would lose on the merits. *See Palaniandi v. Jones*, No. 15 Civ. 4021 (RA), 2016 WL 1459607, at *1 (S.D.N.Y. Mar. 10, 2016); *Alvarez v. Shanahan*, No. 15 Civ. 9122 (RA) (AJP), 2016 WL 873129, at *2 (S.D.N.Y. Mar. 7, 2016); *cf. Rone v. Shanahan*, No. 15 Civ. 9063 (AKH), 2016 WL 1047393, at *3, 7–8 (S.D.N.Y. Mar. 10, 2016) (ordering new *Lora* hearing where IJ expressly considered whether to apply the *Lora* standard and wrongly refused to do so based on status of petitioner's detention). Nevertheless, Petitioner may have a viable constitutional claim

---

[4] The unofficial transcript provided by Bronx Defenders bears out the same conclusion. *See, e.g.*, Tr. at 6:1–2, 9:7–13, 13:28–14:5.

to the extent he is asserting that the IJ effectively failed to apply a clear-and-convincing standard by relying on evidence that can never alone satisfy that standard as a matter of law. *See Cepeda v. Shanahan*, No. 15 Civ. 9446 (AT) 2016 U.S. Dist. LEXIS 61661, *6–7 (S.D.N.Y. Apr. 22, 2016) ("To the extent Cepeda complains that his bond hearing was constitutionally deficient—that is, that the government's evidence could not, as a matter of law, establish clearly and convincingly that Cepeda was dangerous, and therefore he was not accorded the process he is due—he can seek redress from this Court."); *compare also Sinsaeng v. Lynch*, No. 15 Civ. 701 (SRB), 2016 WL 1752953, at *3 (D. Ariz. May 3, 2016) ("These facts provide clear and convincing evidence for a dangerousness finding. Therefore, the record establishes that Petitioner's December 2012 *Casas* bond hearing was legally sufficient, and his continued detention does not violate statutory or constitutional law."), *and Becerra-Jaime v. Clark*, No. 15 Civ. 1849 (JLR) (JPD), 2016 WL 1211852, at *2 (W.D. Wash. Mar. 1, 2016) (finding that IJ relied on sufficient evidence to deny bond under standard functionally equivalent to *Lora*), *report and recommendation adopted*, 2016 WL 1248977 (W.D. Wash. Mar. 25, 2016), *with Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) (remanding and instructing IJ to reweigh evidence of dangerousness under newly adopted clear-and-convincing standard), *and Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008) ("The evidence before the IJ failed, as a matter of law, to prove flight risk or danger pursuant to the Court's order. Accordingly, under the facts of this case, Petitioner's continued detention is not authorized by statute."). Rather than prohibit Petitioner from even attempting to prove such a claim, and given the absence of delay or prejudice to the Government, the Court opts in favor of permitting amendment and reserving judgment for final resolution on the merits.

As for Petitioner's second cause of action—alleging that his over fifteen month detention is "unconstitutionally prolonged" given the substantial challenges to his removability that remain—the Government does not make any arguments in opposition that are specific to this proposed amendment. Indeed, as Petitioner notes, the claim is essentially the same as originally filed, with minor linguistic adjustments to the allegations only. Memorandum in Support of Motion for Leave to File Amended Petition (Doc. 23) at 6. Petitioner is thus granted leave to amend the second cause of action, as well.

### IV. CONCLUSION

The motion for leave to file an amended petition is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion. Doc. 22.

The parties are hereby directed to submit joint or separate letters informing the Court as to (i) the current status of Petitioner's removal proceeding, and (ii) whether the parties require further opportunity to brief the merits of the habeas petition, since the bulk of the briefing to date preceded the Second Circuit's decision in *Lora*. Those letters are due on or before June 3, 2016.

It is SO ORDERED.

Dated:   May 27, 2016
         New York, New York

                                               _____
                                               Edgardo Ramos, U.S.D.J.